1   Kenneth M. Jones, Esq. SBN: 140358
    Email: kjones@martin-martinllp.com
2   JoAnn Victor, Esq. SBN: 121891
    Email: jvictor@martin-martinllp.com
3   MARTIN & MARTIN, LLP
    3530 Wilshire Boulevard, Suite 1650
4   Los Angeles, California 90010
    Telephone:   (213) 388-4747
5   Facsimile:   (213) 388-6655

6   Attorneys for Defendants
    WAL-MART ASSOCIATES, INC. and
7   KATHERINE WHATLEY

8                    UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11  VERONICA MARQUEZ ,                    CASE NO.:
                                          Judge To Be Assigned
12                      Plaintiff,
          v.                              **DEFENDANTS' NOTICE OF**
13                                        **REMOVAL BASED ON FEDERAL**
    WAL-MART ASSOCIATES, INC. and         **QUESTION JURISDICTION**
14  KATHERINE WHATLEY
    and DOES 1 to 20 inclusive,
15                                        Complaint Filed:   March 29, 2016
                        Defendants.       (Los Angeles Superior Court)
16                                        Trial:             None

17

18

19  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

20  **CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND THEIR**

21  **COUNSEL OF RECORD:**

22          **PLEASE TAKE NOTICE** that WAL-MART ASSOCIATES, INC. and

23  KATHERINE WHATLEY ("Defendants") remove this action from the Los Angeles

24  County Superior Court to the United States District Court for the Central District of

25  California pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a) and (c), and 1446.

26  Plaintiff Veronica Marquez's lawsuit presents a federal question because she has

27  asserted claims under the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.*

28

**DEFENDANTS' NOTICE OF REMOVAL BASED ON FEDERAL QUESTION**
**JURISDICTION**

"FMLA"). These facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal.

## I.      THE STATE COURT ACTION

1.      On or about March 29, 2016, Plaintiff filed her Complaint, entitled "VERONICA MARQUEZ, Plaintiff, vs. WAL-MART ASSOCIATES, INC., MANAGER DOE, KATHERINE WHATLEY and Does 1 to 10, Defendants," in the Superior Court of the State of California for the County of Los Angeles, Case No.: BC 615071. Plaintiff's alleged first cause of action in the Complaint is entitled, "FMLA DISCRIMINATION AND INTERFERENCE, 29 U.S.C. 2615"; and Plaintiff's alleged second cause of action is entitled, "FMLA RETALIATION, 29 U.S.C. 2615." Plaintiff has also alleged causes of action pursuant to California law, including claims for violation of Labor Code §§1102.5 and 1102.6 (Third Cause of Action); Common Law Tort (Fourth Cause of Action), and Intentional Infliction of Emotional Distress (Fifth Cause of Action).

2.      On April 11, 2016, Plaintiff completed service of process on Defendant WAL-MART ASSOCIATES, INC. through its statutory agent.  On April 19, 2016, Plaintiff completed service of process of Defendant KATHERINE WHATLEY. Attached hereto are true and correct copies of the documents served:

Exhibit "A":  Summons served on WAL-MART ASSOCIATES, INC.

Exhibit "B":  Complaint for Damages for Wrongful Termination and Associated Claims

Exhibit "C":  Civil Case Cover Sheet

Exhibit "D":  Civil Case Cover Sheet Addendum and Statement of Location.

Exhibit "E":  Notice of Case Assignment – Unlimited Civil Case

Exhibit "F":  Voluntary Efficient Litigation Stipulations packet

Exhibit "G":   Summons served on KATHERINE WHATLEY

**DEFENDANTS' NOTICE OF REMOVAL BASED ON FEDERAL QUESTION JURISDICTION**

3.     As of the date of this filing, Plaintiff has not identified any of the fictitious "Doe" defendants named in the Complaint.

4.     The Los Angeles Superior Court is located within the Central District of California. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the United States District Court for the Central District of California because it is the "district and division within which such action is pending."

5.     Pursuant to 28 U.S.C. §1446(d), Defendants will give written notice of the removal of this action to all parties and are filing a copy of that Notice with the Superior Court of California, County of Los Angeles. Copies of the notice to Plaintiff and to the state court shall be filed promptly in this Court.

## II.   REMOVAL IS TIMELY

6.     A defendant in a civil action has thirty (30) days from the date it is validly served with a Summons and Complaint to remove the action to federal court. 28 U.S.C. §1446(b); *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days after service of the Complaint on April 11, 2016 and April 19, 2016.

7.     All defendants whose consent is required have consented to this removal. The consent of fictitious "Doe" defendants is not required because they have not been served. *Emich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (unserved parties do not have to join in a petition for removal); *see also* 28 U.S.C. § 1446(b)(2) (only defendants who have been properly joined and served must consent to the removal of the action).

## III.   FEDERAL QUESTION JURISDICTION EXISTS

8.     This action is one over which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court pursuant to theprovisions of 28 U.S.C. §1441 because Plaintiff's first and second causes of action allege violations of the FMLA, 29 U.S.C. §2601, *et seq.* (Ex. "B," Complaint, ¶¶ 23-

**DEFENDANTS' NOTICE OF REMOVAL BASED ON FEDERAL QUESTION JURISDICTION**

31.)  Accordingly, Plaintiff's lawsuit is removable to this Court under federal question jurisdiction. *See Emich,* 846 F.2d at 1196.

9.      Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over the state law causes of action in Plaintiff's Complaint because the state law claims derive from the same common nucleus of operative facts as Plaintiff's FMLA claim.  All of Plaintiff's claims are based on her allegations about her purported treatment and the termination of her employment that she claims occurred because of her medical condition and leave. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725 (1966); *Emich,* 846 F.2d at 1196.

## IV.    CONCLUSION

10.      Because Plaintiff's lawsuit presents a federal question, Defendants respectfully request that this Court exercise its removal and supplemental jurisdiction over this lawsuit.

11.      In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants respectfully request that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.


DATED: May 10, 2016                    Respectfully submitted,

MARTIN & MARTIN, LLP


By:____*/s/ Kenneth M. Jones*____
Kenneth M. Jones, Esq.
JoAnn Victor, Esq.
Attorneys for Defendant
WAL-MART ASSOCIATES, INC. and
KATHERINE WHATLEY

**DEFENDANTS' NOTICE OF REMOVAL BASED ON FEDERAL QUESTION JURISDICTION**

**Exhibit A**

4-11-16  8:40ℝ

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 29 2016

Sherri R. Carter, Executive Officer/Clerk

By Cristina Grijalva, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAL-MART ASSOCIATES, INC., MANAGER DOE, KATHERINE
WHATLEY, and DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VERONICA MARQUEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: (El nombre y dirección de la corte es:)  Los Angeles County Superior Court | CASE NUMBER: (Número del Caso:) **BC 615071** |
|---|---|

Stanley Mosk Courthouse
111 North Hill Street Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Geoffrey  C. Lyon; Lyon Law PC; 400 Oceangate Ste. 450, Long Beach, CA 90802; Phone: 562-599-6900

| DATE: (Fecha)  SHERRI R. CARTER | Clerk, by (Secretario)  CRISTINA GRIJALVA | , Deputy (Adjunto) |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAR 29 2016

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:  *WAL-MART ASSOCIATES, INC.*
3. ☒ on behalf of *(specify)*:
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit B**

GEOFFREY C. LYON (Bar No. 132747)
*Email: glyon@lyonlawyer.com*
JOHNNY L. ANTWILER (Bar No. 288772)
*Email: jantwiler@lyonlawyer.com*
**LYON LAW PC**
400 Oceangate Suite 450
Long Beach CA 90802
Tel: 562-590-6900; Fax: 562-590-6945

Attorneys for Plaintiff,
VERONICA MARQUEZ

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 29 2016

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA - COUNTY OF LOS ANGELES

CENTRAL DISTRICT—STANLEY MOSK COURTHOUSE

BC 615071

| | |
|---|---|
| VERONICA MARQUEZ | **COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION AND ASSOCIATED CLAIMS** |
| Plaintiff, | |
| vs. | Unlimited Jurisdiction<br>Jury Trial Demanded |
| WAL-MART ASSOCIATES, INC., MANAGER DOE, KATHERINE WHATLEY, and DOES 1 to 10, | Judge: To be assigned<br>Dept.: To be assigned |
| Defendants. | Complaint Filed: March __, 2016<br>Trial Date: None Set |

-1-

COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION AND ASSOCIATED CLAIMS

1        Plaintiff VERONICA MARQUEZ ("Plaintiff" or "Ms. Marquez") for her causes of action

2  against Defendant WAL-MART ASSOCIATES, INC. ("Walmart" or "Employer"); MANAGER

3  DOE, KATHERINE WHATLEY; and DOES 1 to 10 (collectively, "Defendants"), alleges as

4  follows:

5                            **I.**

6            **SUBJECT MATTER JURISDICTION**

7        1.     This action is brought pursuant to California Labor Code sections 1102.5 and

8  1102.6, state tort law and federal law.

9        2.     Plaintiff VERONICA MARQUEZ is not subject to any administrative

10  exhaustion requirements for any of the causes of action alleged in this Complaint.

11        3.     This Court has subject matter jurisdiction over the causes of action alleged in

12  this complaint.

13                           **II.**

14        **PERSONAL JURISDICTION AND VENUE**

15        4.     At all relevant times VERONICA MARQUEZ is and was an individual

16  residing in the County of Los Angeles, State of California.

17        5.     At all relevant times Defendant WAL-MART ASSOCIATES, INC. is and

18  was a corporation organized and existing under the laws of the State of Delaware, authorized to do

19  and doing business in the County of Los Angeles, State of California.

20        6.     At all relevant times Defendant KATHERINE WHATLEY is and was an

21  individual residing in the County of Los Angeles, State of California.

22        7.     The true names and capacities of the Defendants named herein as

23  MANAGER DOE and DOES 1 to 10, inclusive, whether individual, proprietorship, partnership,

24  corporate, associate, alter ego, or otherwise, are unknown to Ms. Marquez who therefore sues such

25  Defendants by fictitious names pursuant to California Code of Civil Procedure Section 474.  Ms.

26  Marquez will amend this complaint to show such true names and capacities when they have been

27  determined.

28

-2-

COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION AND ASSOCIATED CLAIMS

8.     The violations of law described in this complaint have been committed within the County of Los Angeles, State of California.

9.     Pursuant to section 393 of the California Code of Civil Procedure, the County of Los Angeles is a proper and legal venue for this case.

10.    The wrongful conduct of Defendants set forth in the General Allegations and various Causes of Action proximately caused Ms. Marquez to suffer damages, injuries, loss and/or harm, including but not limited to physical, mental and emotional injuries and distress, pain and suffering, lost wages and benefits and health care expenses, and other general, special and statutory damages in amounts to be proven.

## III.

## GENERAL ALLEGATIONS

11.    Plaintiff Veronica Marquez ("Plaintiff" or "Ms. Marquez") was employed by Walmart from on or around August 20, 2000, to August 5, 2014. Ms. Marquez last worked at the Walmart located at 1827 Walnut Grove Ave., Rosemead, CA 91770. Ms. Marquez's job title was "Cashier." Ms. Marquez worked under store managers, customer service managers, and supervisors, including "Manager DOE" of the Rosemead store.

12.    During the course of Ms. Marquez's employment with Walmart, Ms. Marquez had, and/or was perceived by Walmart as having actual and/or potential disabilities. These disabilities included but are not limited to autism spectrum disorder, Asperger disorder, major depression, anxiety disorder, and incisional hernia. Ms. Marquez's disabilities did and/or were regarded by Walmart as interfering with and limiting Ms. Marquez's major life activities, including Ms. Marquez's ability to work. Ms. Marquez's disabilities require reasonable accommodations, including but not limited to periodic time off work for medical treatment and recuperation from flare ups of symptoms.

13.    Between on or around August 7, 2008, to on or around June 4, 2013, Ms. Marquez underwent no fewer than five surgeries on her abdomen. As a result of these surgeries, Ms. Marquez required rest periods at work or time off work to recover and cope with pain.

14.    At all relevant times, Ms. Marquez was qualified for her job position with

-3-

COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION AND ASSOCIATED CLAIMS

1    Walmart, and could perform all essential functions and fundamental duties of her job, and of

2    reasonably available alternative positions, either with or without reasonable accommodations,

3    without endangering the health or safety of herself or anyone else.

4          15.    In or around July 2011, Ms. Marquez was diagnosed with autism spectrum

5    disorder and Asperger disorder. As a result of these disorders, Ms. Marquez required periodic time

6    off work to deal with flare ups of associated symptoms.

7          16.    On or around December 1, 2013, Ms. Marquez transferred from Walmart's

8    Glendora location to the Walmart located in Rosemead.

9          17.    On or around December 9, 2013, Ms. Marquez informed her Customer

10    Service Manager ("CSM") that she would not be able to work due to her disabilities. The CSM

11    approved Ms. Marquez's absence and informed Ms. Marquez that the CSM would inform the store

12    manager. However, Ms. Marquez still received a write-up for being absent from work.

13          18.    On or around February 10, 2014, Ms. Marquez informed her CSM that she

14    would arrive at work late in order to cope with her disabilities. The CSM assured Ms. Marquez that

15    Ms. Marquez could come in late, and that the CSM would inform the store manager. Yet, Walmart

16    still issued Ms. Marquez a write-up for tardiness.

17          19.    On or around July 24, 2014, Ms. Marquez presented Walmart with Family

18    Medical Leave Act (FMLA) paperwork from her psychiatrist, Dr. Patricia Wesley, stating that Ms.

19    Marquez would need to be restricted to the day shift and would need Fridays off to attend therapy

20    sessions.

21          20.    On or around August 5, 2014, in retaliation for needing and requesting

22    medical leave and disability accommodations, Walmart Asset Protection Manager Katherine

23    Whatley ("Manager Whatley") and Michael Cason hauled Ms. Marquez into a back office and

24    accused her of stealing merchandise on July 19, 2014 and causing a $40.58 deficit on her register.

25    Manager Whatley and Michael Cason claimed that Ms. Marquez personally knew one of the

26    customers and intentionally gave merchandise and extra cash-back to this customer before

27    overcharging a second customer. Ms. Marquez opposed the retaliation, denying knowing the first

28    customer. Manager Whatley and Michael Cason then presented Ms. Marquez with a restitution

-4-

COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION AND ASSOCIATED CLAIMS

1   notice which directed Ms. Marquez to reimburse Walmart $40.58. After Ms. Marquez dutifully

2   signed the restitution notice and paid the $40.58, Walmart terminated Ms. Marquez for the deficit

3   and the write-ups Ms. Marquez had wrongfully received regarding her attendance resulting from her

4   disability.

5         21.    Walmart discriminated and retaliated against Ms. Marquez based upon her

6   disabilities, request for FMLA leave, and request for accommodations. Walmart's discriminatory

7   adverse employment actions against Ms. Marquez included false, unfair, and retaliatory write-ups,

8   refusal to provide accommodations, and discriminating against Ms. Marquez in the terms and

9   conditions and existence of her employment, and finally on or about August 5, 2014, terminating,

10   and thereafter refusing to reinstate, Ms. Marquez's employment.

11         22.    As the proximate cause of Defendants' wrongful conduct, Ms. Marquez has

12   and will suffer past and future lost wages and benefits in an amount to be determined by the trier of

13   fact, but estimated to be no less than $200,000. As the proximate result of Defendants' wrongful

14   conduct, Ms. Marquez has and will suffer emotional distress damages in an amount to be

15   determined in the discretion of the trier of fact, but estimated to be no less than $300,000.

16   **IV.**

17   **CAUSES OF ACTION**

18   **FIRST CAUSE OF ACTION**

19   **FMLA DISCRIMINATION AND INTERFERENCE**

20   **29 U.S.C. § 2615**

21   **By Ms. Marquez against Walmart**

22         23.    Ms. Marquez realleges and incorporates in this cause of action all numbered

23   paragraphs above that precede the title block for the "First Cause of Action."

24         24.    Walmart denied necessary accommodations, terminated Ms. Marquez's

25   employment, and otherwise retaliated against Ms. Marquez in the terms, conditions and existence of

26   her employment because Ms. Marquez exercised her rights under the Family and Medical Leave

27   Act (FMLA) 29 U.S.C. section 2612 when she requested daytime work-shifts and Fridays off to

28   attend therapy sessions to cope with her disabilities per her doctor's request.  Walmart's

-5-
COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION AND ASSOCIATED CLAIMS

1  discrimination and interference with Ms. Marquez's protected rights violated 29 U.S.C. section

2  2615.

3        25.    Walmart restricted and interfered with Ms. Marquez's ability to schedule

4  healthcare treatment during working hours and/or to take time off to recuperate from Ms. Marquez's

5  medical conditions. Walmart's conduct violated Family and Medical Leave Act (FMLA), 29 USC

6  sections 2601 through 2654.

7        26.    Walmart's wrongful conduct proximately caused Plaintiff to suffer general,

8  special and statutory damages in an amount to be proven.  Plaintiff has been required to hire

9  attorney Geoffrey Lyon of Lyon Law, PC and is entitled to recover reasonable attorney's fees.

10  Plaintiff is entitled to injunctive relief including reinstatement, lost wages and benefits, and

11  promotion without discrimination or retaliation.

12        27.    Pursuant to Civil Code section 3294, Walmart's wrongful conduct was

13  malicious, oppressive, fraudulent, despicable and not to be tolerated by civilized society and was

14  known, authorized, ratified and/or perpetrated by its managing agents, entitling Plaintiff to an award

15  of punitive and exemplary damages in an amount to be proven.

16  **SECOND CAUSE OF ACTION**

17  **FMLA RETALIATION**

18  **29 U.S.C. § 2615**

19  **By Ms. Marquez against Walmart**

20        28.    Ms. Marquez realleges and incorporates in this cause of action all numbered

21  paragraphs above that precede the title block for the "First Cause of Action."

22        29.    Walmart denied necessary accommodations, terminated Ms. Marquez's

23  employment, and otherwise retaliated against Ms. Marquez in the terms, conditions and existence of

24  her employment because Ms. Marquez exercised her rights under the Family and Medical Leave

25  Act (FMLA) 29 U.S.C. section 2612 when she requested daytime work-shifts and Fridays off to

26  attend therapy sessions to cope with her disabilities per her doctor's request.  Walmart's retaliation

27  and interference with Ms. Marquez's protected rights violated 29 U.S.C. section 2615.

28        30.    Walmart's wrongful conduct proximately caused Plaintiff to suffer general,

COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION AND ASSOCIATED CLAIMS

1  special and statutory damages in an amount to be proven.  Plaintiff has been required to hire

2  attorney Geoffrey Lyon of Lyon Law, PC and is entitled to recover reasonable attorney's fees.

3  Plaintiff is entitled to injunctive relief including reinstatement, lost wages and benefits, and

4  promotion without discrimination or retaliation.

5        31.    Pursuant to Civil Code section 3294, Walmart's wrongful conduct was

6  malicious, oppressive, fraudulent, despicable and not to be tolerated by civilized society and was

7  known, authorized, ratified and/or perpetrated by its managing agents, entitling Plaintiff to an award

8  of punitive and exemplary damages in an amount to be proven.

9                        **THIRD CAUSE OF ACTION**

10  **RETALIATION FOR COMPLAINING/OPPOSING VIOLATIONS OF STATUTE(S) OR**

11                       **REGULATION(S) TO SUPERVISOR**

12                       **Labor Code §§ 1102.5 & 1102.6**

13                       **By Ms. Marquez against Walmart**

14        32.    Ms. Marquez realleges and incorporates in this cause of action all numbered

15  paragraphs above that precede the title block for the "First Cause of Action."

16        33.    Ms. Marquez complained to her supervisor(s) and Walmart concerning

17  Walmart's violations, and/or Ms. Marquez's good faith belief of Walmart's violations, of laws and

18  regulations, including but not limited to violations of FEHA, Govt. Code §§ 12900-12996, Govt.

19  Code § 12940 (employment discrimination and harassment), Govt. Code § 12945.2 (medical leave

20  discrimination/retaliation), and Cal. Const. Art. I, § 8 (employment discrimination).

21        34.    Walmart subjected Ms. Marquez to adverse employment actions in retaliation

22  for Ms. Marquez's protected activities, in violation of Labor Code §§ 1102.5 and 1102.6.

23        35.    The protected activity of Ms. Marquez was a motivating factor for the

24  adverse employment decisions and actions by Walmart.

25        36.    Walmart's wrongful conduct proximately caused Ms. Marquez to suffer

26  general, special and statutory damages in an amount to be proven, and $10,000 per violation under

27  CC § 1102.5. Ms. Marquez has been required to hire attorney Geoffrey Lyon of Lyon Law PC and

28  is entitled to recover reasonable attorney fees. Ms. Marquez is entitled to injunctive relief including

-7-

COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION AND ASSOCIATED CLAIMS

14

1  reinstatement and back pay and promotion without discrimination or retaliation.

2  **FOURTH CAUSE OF ACTION**

3  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICIES**

4  **Common Law Tort**

5  **By Ms. Marquez against Walmart**

6       37.    Ms. Marquez realleges and incorporates in this cause of action all numbered

7  paragraphs above that precede the title block for the "First Cause of Action."

8       38.    Walmart discharged Ms. Marquez in violation of important and well-

9  established public policies, set forth in various statutes and Constitutional provisions including but

10 not limited to Government Code sections 12940, 12948, 12926 (employment discrimination and

11 retaliation); Article I, section 8 of the California Constitution (employment discrimination);

12 Government Code section 12945.2 (medical leave); 29 U.S.C. section 2612 (FMLA leave); and 42

13 U.S.C. section 12112 (disability discrimination).

14      39.    Walmart's wrongful conduct proximately caused Ms. Marquez to suffer

15 general and special damages in an amount to be proven.

16      40.    Walmart's wrongful conduct was malicious, oppressive, fraudulent,

17 despicable and intolerable to civilized society and was known, authorized, ratified and/or

18 perpetrated by its managing agents, officers or directors, entitling Ms. Marquez to an award of

19 punitive and exemplary damages in an amount to be proven.

20 **FIFTH CAUSE OF ACTION**

21 **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

22 **Common Law Tort**

23 **By Ms. Marquez against Walmart, Manager DOE, and Katherine Whatley**

24      41.    Ms. Marquez realleges and incorporates in this cause of action all numbered

25 paragraphs above that precede the title block for the "First Cause of Action."

26      42.    Manager DOE and Walmart engaged in extreme and outrageous conduct

27 against Ms. Marquez, including but not limited to discrimination, harassment and retaliation against

28 Ms. Marquez in response to her informing them of her disabilities by providing medical

-8-

COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION AND ASSOCIATED CLAIMS

1    documentation of her need for accommodations for her disabilities.

2        43.      Manager Whatley engaged in extreme and outrageous conduct against Ms.

3    Marquez when Manager Whatley accused Ms. Marquez of theft and of personally knowing the

4    customer Ms. Marquez allegedly intentionally undercharged on July 19, 2014.

5        44.      Manager DOE, Manager Whatley, and Walmart intended to cause, or acted in

6    reckless disregard of the probability of causing, severe emotional distress to Ms. Marquez.

7        45.      Manager DOE and Manager Whatley were acting in part within the course

8    and scope of their employment by Walmart and were, at least in part, serving a purpose of their own

9    in carrying out the misconduct against Ms. Marquez.  Manager DOE and Manager Whatley were

10   motivated, at least in part, by malice and ill will toward Ms. Marquez.

11       46.      Manager DOE's, Manager Whatley's, and Walmart's conduct proximately

12   caused Ms. Marquez severe emotional suffering and distress, including but not limited to

13   depression, anxiety, and related symptoms of severe emotional distress, including the exacerbation

14   of Ms. Marquez's disabilities.

15       47.      Manager DOE's, Manager Whatley's, and Walmart's wrongful conduct

16   proximately caused Ms. Marquez to suffer general, special and statutory damages in an amount to

17   be proven.  Ms. Marquez has been required to hire attorney Geoffrey Lyon of Lyon Law, PC and is

18   entitled to recover reasonable attorneys' fees.  Ms. Marquez is entitled to injunctive relief including

19   reinstatement, lost wages and benefits, and promotion without discrimination or retaliation.

20       48.      Pursuant to Civil Code section 3294, Manager DOE's, Manager Whatley's,

21   and Walmart's wrongful conduct was malicious, oppressive, fraudulent, despicable and not to be

22   tolerated by civilized society and was known, authorized, ratified and/or perpetrated by its

23   managing agents, entitling Ms. Marquez to an award of punitive and exemplary damages in an

24   amount to be proven.

25   / / /

26   / / /

27   / / /

28   / / /

-9-

COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION AND ASSOCIATED CLAIMS

## **PRAYER FOR RELIEF**

WHEREFORE Ms. Marquez prays for relief on Ms. Marquez's causes of action as more specifically set forth in the individual causes of action:

1. For special compensatory damages, including lost wages estimated to be no less than $200,000;

2. For general compensatory damages, including emotional distress estimated to be no less than $300,000;

3. For statutory damages;

4. For prejudgment interest;

5. For exemplary and punitive damages;

6. For injunctive relief;

7. For reasonable attorneys' fees;

8. For costs of suit;

9. For such other and further relief as the court deems just and proper.

DATED: March 28, 2016                     LYON LAW PC

By: Johnny L. Antwiler
Attorney for Plaintiff,
VERONICA MARQUEZ

-10-

**DEMAND FOR JURY TRIAL**

Ms. Marquez demands a trial by jury of all issues in this action triable by a jury, including but not limited to issues of liability and damages.

DATED: March 28, 2016                    LYON LAW PC

By: Johnny L. Antwiler
Attorney for Plaintiff,
VERONICA MARQUEZ

-11-

COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION AND ASSOCIATED CLAIMS

**Exhibit C**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Geoffrey C. Lyon (SBN: 132747); Johnny L. Antwiler (SBN: 288772)<br>Lyon Law PC<br>400 Oceangate Ste. 450<br>Long Beach, CA 90802<br>TELEPHONE NO.: (562) 590-6900    FAX NO.: (562) 590-6945<br>ATTORNEY FOR *(Name):* Veronica Marquez (Plaintiff) | **CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>MAR 2 9 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Cristina Grijalva, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Veronica Marquez v. Wal-Mart Associates, Inc.; et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 615071<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*  5
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 28, 2016
Johnny L. Antwiler
_____(TYPE OR PRINT NAME)_____         ▶   _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

20

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**21**

**Exhibit D**

| SHORT TITLE: Veronica Marquez v. Wal-Mart Associates, Inc.; et al | CASE NUMBER: BC 6 1 5 0 7 1 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓ YES    CLASS ACTION? YES  LIMITED CASE? YES  TIME ESTIMATED FOR TRIAL 5-7 _____ HOURS/ ✓ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Veronica Marquez v. Wal-Mart Associates, Inc.; et al | CASE NUMBER |
|---|---|

| | | | |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1.,2.,3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

24

| SHORT TITLE: Veronica Marquez v. Wal-Mart Associates, Inc.; et al | CASE NUMBER |
|---|---|

| | | | |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2., |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Veronica Marquez v. Wal-Mart Associates, Inc.; et al | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>1827 Walnut Grove Ave. |
|---|---|
| CITY:<br>Rosemead | STATE:<br>CA | ZIP CODE:<br>91770 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: _March 28, 2016_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**Exhibit E**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

**BC 615071**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael J. Raphael | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Michael Johnson | 56 | 514 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. John P. Doyle | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Gregory Keosian | 61 | 732 |
| Hon. Samantha Jessner | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. William F. Fahey | 69 | 621 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Suzanne G. Bruguera | 71 | 729 |
| Hon. Marc Marmaro | 37 | 413 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Hon. Gail Ruderman Feuer | 78 | 730 |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | Hon. Emile H. Elias | 324 | CCW |
| Hon. Frederick C. Shaller | 46 | 500 | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW |
| Hon. Debre K. Weintraub | 47 | 507 | | | |

### *Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

MAR 29 2016   By _____, Deputy Clerk

LACIV CCH 190 (Rev.02/16)
LASC Approved 05-06

**– NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

**Exhibit F**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____ )

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____ )

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____ )

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE) (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____ ➤ _____
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)
Date:

_____ ➤ _____
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)
Date:

_____ ➤ _____
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)
Date:

_____ ➤ _____
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)
Date:

_____ ➤ _____
(TYPE OR PRINT NAME) (ATTORNEY FOR _____)
Date:

_____ ➤ _____
(TYPE OR PRINT NAME) (ATTORNEY FOR _____)
Date:

_____ ➤ _____
(TYPE OR PRINT NAME) (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. **This document relates to:**
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. **Deadline for Court to decide on Request:** _____ (Insert date 10 calendar days following filing of the Request).

3. **Deadline for Court to hold Informal Discovery Conference:** _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

37

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

**Exhibit G**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAL-MART ASSOCIATES, INC., MANAGER DOE, KATHERINE
WHATLEY, and DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VERONICA MARQUEZ

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|
| CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAR 29 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Cristina Grijalva, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br><br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 615071** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Geoffrey C. Lyon; Lyon Law PC; 400 Oceangate Ste. 450, Long Beach, CA 90802; Phone: 562-590-6900

| DATE:<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* | CRISTINA GRIJALVA | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAR 29 2016

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

41

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am a resident of the United States and employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is 3530 Wilshire Boulevard Suite 1650, Los Angeles, California 90010:

     Case Name:        *Marquez v. Walmart Associates, Inc.*

     On May 10, 2016, I served the within Defendants' Notice of Removal Based On Federal Question Jurisdiction on the interested parties to said action at the address(es) stated below.

**Geoffrey C. Lyon, Esq.**
**400 Oceangate, #450**
**Long Beach, California 90802**
**Telephone: (562) 590-6900**
**Facsimile:  (562) 590-6945**

**[X] BY MAIL:** By placing [ ] the original and/or **[x]** a true and correct copy enclosed in a sealed envelope with postage fully prepaid, in the U.S. mail at Los Angeles, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[] BY FACSIMILE:**  I caused a copy of said document(s) to be sent via facsimile transmission to the interested party(ies) to the telephone number listed above, and in accordance with Rules 2003(3) and 2005(I).

**[] ELECTRONIC TRANSMISION**: As follows:  The document was electronically transmitted on this date to: _____.

**[] BY RAPID LEGAL:** VIA PERSONAL SERVICE:  By causing personal delivery of the document listed above to the person at the address set forth listed above.

**[X] STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on **May 10, 2016**, at Los Angeles, California.

By_____
     Patricia Allen-La Fleur